IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL NO. 5:05CR237-5-V

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| BROOKS BROWN, ) | |
|     Defendant. ) | |

**THIS MATTER** is before the Court on the Government's "Notice of Appeal and Motion for Revocation of Magistrate's Release Order " pursuant to 18 U.S.C. § 3145(a)(1), filed on August 15, 2006. On August 15, 2006, the undersigned granted the Government's motion to stay pending resolution of the instant appeal. The Defendant, who pled guilty the same day, is in custody pending sentencing.

This Court reviews *de novo* the magistrate judge's release order. 18 U.S.C. §3145(b); United States v. Williams, 753 F.2d 329, 333 (4th Cir. 1985). Because the Defendant is now awaiting sentencing, his eligibility for bond must be reviewed pursuant to 18 U.S.C. § 3143(a)(2). Section 3143(a)(2) provides that,

> The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless –
>
> > (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
> > (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
> > (B) the judicial officer finds by clear and convincing evidence that the person is not likely to fee or pose a danger to any other person or the community.

There is nothing in the record suggesting that subsections (A)(i) or (ii) are applicable. Rather, the Defendant faces a twenty (20) year sentence pursuant to the terms of his Plea

1

Agreement.[1]  Therefore, the Court does not even reach the question of whether clear and convincing evidence exists that the Defendant is not likely to flee and does not pose a danger to the community.  For these reasons, the Government's appeal of the Magistrate Judge's release order must be granted.

The Court notes, however, its willingness to reconsider the matter should the Government change its position with respect to providing Defendant an opportunity to provide substantial assistance.[2]

**IT IS, THEREFORE, ORDERED** that the Government's motion to revoke the release order is hereby **GRANTED**. Accordingly, the Defendant shall remain in custody pending sentencing.

The Clerk shall certify copies of this Order to Defense Counsel, the United States Attorney, the United States Marshal, and the United States Probation Office.

Signed: August 18, 2006

Richard L. Voorhees
United States District Judge

---

[1] Defendant's Plea Agreement with the Government is pursuant to Rule 11(c)(1)(C) and recommends a total sentence of 240 months imprisonment.

[2] Absent Government opposition, it is the practice of the undersigned to allow a Defendant otherwise not eligible for release under the statute to remain on bond for purposes of proactive cooperation with federal authorities.